IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

v.

**MATTHEW LEE CRAIG**,

Defendant.

Case No. 3:20-cr-07-SI

**ORDER**

**Michael H. Simon, District Judge.**

On September 2, 2020, Defendant pleaded guilty to one count of Carjacking and one count of Assault with a Dangerous Weapon with Intent to Do Bodily Harm. Defendant's Presentence Investigation Report ("PSR") determined that he had a criminal history category of III and a total offense level of 25. His advisory sentencing guidelines range was 70-87 months on each count. Defendant had three criminal history points based on one prior conviction. He received two status points.

At Defendant's sentencing hearing on December 9, 2020, the Court considered all relevant factors and sentenced Defendant to 78 months' imprisonment on each count, to be served concurrently, with 3 years' supervised release and a special assessment of $100 on each count, for a total special assessment of $200. The Court entered judgment on December 9, 2020.

PAGE 1 – ORDER

Now before the Court is Defendant's motion under 18 U.S.C. § 3582(c)(2), asking the Court to reduce his sentence. Defendant relies on Amendment 821 to the U.S. Sentencing Guidelines, 88 Fed. Reg. 60534-36 (Sept. 1, 2023). The government opposes Defendant's motion, arguing that although Defendant is eligible for relief under Amendment 821, the § 3553(a) factors counsel against granting Defendant's motion.

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress provided a narrow exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Dillon*, 560 U.S. at 825 (noting that "§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding" but instead provides for the "'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission" (alteration in original)). This authority to modify a previously imposed prison sentence "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon*, 560 U.S. at 828.

In § 3582(c), Congress specifically required that any sentence modification be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §§ 3582(c)(1)(A)(ii), 3582(c)(2); *see also Dillon*, 560 U.S. at 821 ("Any reduction [pursuant to § 3582(c)(2)] must be consistent with applicable policy statements issued by the Sentencing Commission."). The policy statement governing sentencing modifications after a retroactive amendment to the Guidelines instructs courts not to reduce a term of imprisonment if the

amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. Manual § 1B1.10(a)(2)(B).

In deciding a motion under § 3582(c)(2), a court must follow a two-step process. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. This requires determining the amended guideline range, which is the range that would have been applicable to the defendant if the amendment had been in effect at the time of the defendant's original sentencing. *Id.*; *see also* § 1B1.10(b)(1). In making this determination, courts are to substitute only the new amendment "for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1); *see also Dillon*, 860 U.S. at 827. The Sentencing Commission further limited application of a retroactive Guidelines amendment by instructing that a court cannot reduce a sentence "to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection," with the exception of making a reduction that is comparable to what was made at the time of original sentencing as a result of "a government motion to reflect the defendant's substantial assistance to authorities." § 1B1.10(b)(2); *see also Dillon*, 560 U.S. at 827 (discussing a previous version of § 1B1.10(b)(2) that allowed a court to apply comparable departures and variances as were applied at the original sentencing and noting this instruction was "[c]onsistent with the limited nature of § 3582(c)(2) proceedings").

Step two of the § 3582(c) inquiry is to consider any applicable § 3553(a) factors and determine, in the discretion of the Court, whether any reduction authorized by the Guidelines amendment is warranted in whole or in part. *See Dillon*, 560 U.S. at 827; 18 U.S.C.

PAGE 3 – ORDER

§ 3582(c)(1)(A). "This circumscribed inquiry [under § 3582(c)(2)] is not to be treated as 'plenary resentencing proceedings.'" *United States v. Navarro*, 800 F.3d 1104, 1110 (9th Cir. 2015) (quoting *Dillon*, 560 U.S. at 826). The appropriate use of sentence-modification under § 3582(c)(2) "is to adjust a sentence in light of a Guidelines amendment, so courts may not use such proceedings to reconsider a sentence based on factors unrelated to a retroactive Guidelines amendment." *Id.* (cleaned up).

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. Amendment 821 is bifurcated into Parts A and B. Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1. Specifically regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. "Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *United States v. Diaz-Diaz*, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2023); *see also* U.S.S.G. § 4C1.1(a).

Defendant seeks a "status points" reduction under Amendment 821. The government admits that Defendant is eligible, as he received two status points. Had Amendment 821 been in effect at the time of Defendant's sentencing, his amended criminal history score would be three, placing him in criminal history category II. This reduced criminal history category,

combined with his total offense level of 25, results in an amended advisory sentencing range of 63-78 months. Defendant's sentence of 78 months is at the high end of this range, and thus Defendant is eligible at step one for a sentencing reduction.

At step two, the Court turns to the applicable § 3553(a) factors. Defendant argues that his sentence should be reduced because he will receive separate punishment for his parole violation, and he has experienced harsh conditions in federal custody because of his status as a sex offender. As the government argues, the fact that a court in another jurisdiction can punish Defendant for his parole violations does not mean that his sentence was not justified under the § 3553(a) factors. Moreover, the Court does not evaluate Defendant's *current* circumstances in prison because the considerations that the Court based Defendant's *original* sentence on have not changed. A § 3582(c) resentencing evaluation is "circumscribed" and not a "plenary resentencing," but considers only the effect of the related amendment to the sentencing guidelines. *Navarro*, 800 F.3d at 1110; *see also United States v. Steidell*, 2024 WL 1414195, at *3 (D. Haw. Apr. 2, 2024) ("[A]lthough Steidell should be commended for his generally good behavior and efforts to improve himself while incarcerated, the Court's original sentence was based on consideration of . . . his leadership role in a drug trafficking organization which utilized weapons and attempted to deal multiple ounces of methamphetamine and thousands of BZP pills across two states. Such considerations have not changed." (citation omitted)).

Defendant's criminal history also includes many offenses that did not result in any criminal history points, including multiple charges for assault and battery. Accordingly, Defendant's criminal history score does not accurately capture his recidivism risk. A reduction in Defendant's sentence would not serve the purpose of Amendment 821, which was to reflect the Sentencing Commission's conclusion that "status points add little to the overall predictive value

associated with the criminal history score." U.S. Sentencing Comm'n, *Amendments to the Sentencing Guidelines* (Apr. 27, 2023) at 51. Because of the serious, violent nature of Defendant's conduct and the danger he poses to the community, the Court finds that a sentence of 78 months remains appropriate under the § 3553(a) factors.

Defendant is eligible for relief under Amendment 821, but a sentence reduction is not warranted because of the § 3553(a) factors. The Court DENIES Defendant's motion under 18 U.S.C. § 3582(c)(2), ECF 30, and also DENIES Defendant's supplemental motion. ECF 35.

**IT IS SO ORDERED.**

DATED this 19th day of December, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge